UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EDWARD SCHMIDT,

           Plaintiff,           Case No. 08-10236

vs.           DISTRICT JUDGE NANCY G. EDMUNDS
           MAGISTRATE JUDGE STEVEN D. PEPE

INTERNAL REVENUE SERVICE,

           Defendant.
============================/

**ORDER DENYING REQUEST FOR HEARING ON REQUEST FOR APPOINTMENT
OF COUNCIL DUE TO BLINDNESS (DKT. #9),
ORDER DENYING REQUEST FOR HEARING ON REQUEST FOR APPOINTMENT
OF COUNCIL DUE TO BLINDNESS (DKT. #11)
AND
ORDER DENYING REQUEST FOR SUBPOENA FOR COPY OF
PLAINTIFF'S IRS TAX RETURNS (DKT. #12)**

On February 21, 2008, Plaintiff filed a request for a hearing on his motions to appoint counsel (Dkt. #9).[1] Plaintiff initiated this action on January 16, 2008. Included in Plaintiff's pleadings was a request for appointment of counsel (Dkt. #3), which Judge Edmunds denied on January 23, 2008 (Dkt. #5). On February 1, 2008, Plaintiff again filed a request for appointment of counsel indicating that he was legally blind and required assistance with his case (Dkt. #7). Judge Edmunds denied this request on February 4, 2008 (Dkt. #8). Plaintiff subsequently filed a request for a hearing on his motions for appointment of counsel again indicating that he was legally blind and required assistance with the present action (Dkt. #9). On February 19, 2008,

---

[1] On February 28, 2008, an identical request was filed by the Clerk's office (Dkt. #11).

1

Plaintiff also filed a "request for subpoena for copy of Plaintiff's IRS Tax returns" (Dkt. #12). All pre-trial matters were referred under 28 U.S.C. § 636(b) on February 27, 2008 (Dkt. #10). For the reasons indicated below, it is **ORDERED** that Plaintiff's motions are **DENIED.**

**I.      PLAINTIFF'S REQUESTS FOR A HEARING ON HIS MOTIONS TO APPOINT COUNSEL**

Plaintiff seeks to have this Court appoint an attorney to assist him with his case. Under 28 U.S.C. § 1915(e)(1), a federal court may request counsel to represent an indigent plaintiff. 28 U.S.C. § 1915(e)(1); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Yet, appointment of counsel for an indigent party is a privilege justified only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). To determine whether exceptional circumstances necessitating the appointment of counsel are present, courts consider the type of case involved, the ability of the plaintiff to represent himself, the complexity of the factual and legal issues, and whether the plaintiff's claims are frivolous or have an extremely small likelihood of success. *Id.*; *Reneer*, 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). Based on several considerations, Plaintiff's claim is **DENIED**.

Here, Judge Edmunds has already denied both of Plaintiff's motions for appointment of counsel (Dkt. #5 & #8). Accordingly, Plaintiff's present request to have a hearing on those motions must be viewed as a motion for reconsideration. Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party shows (1) a "palpable defect,"(2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted).

2

In Plaintiff's January 16, 2008, motion, he indicated that he was disabled. Similarly, in his February 1, 2008, motion for appointment of counsel, Plaintiff specifically indicated to the Court that he was legally blind. Accordingly, Judge Edmunds denied Plaintiff's requests for counsel on the same information presently before this Court. Plaintiff has not demonstrated any mistake of fact or law that amounts to a "palpable defect." Rather, Plaintiff re-asserts the arguments previously presented to Judge Edmunds. The Local Rules provide, however, that any "motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." E.D. Mich. LR 7.1(g)(3). Also, it must be noted that there is a grave scarcity of attorneys available to represent indigent persons in this Court. This Court has no funds to secure attorneys for indigent parties in civil cases, and has great difficulty finding attorneys willing to volunteer time to serve in pro bono cases without payment. Their services must be carefully rationed to the most appropriate cases. Therefore, Plaintiff's requests for a hearing on his motions for appointment of counsel are **DENIED**.

## II. PLAINTIFF'S REQUEST FOR A SUBPOENA

Plaintiff seeks to have this Court grant his request for a subpoena for his federal tax returns, years 1980 through 1996, from the Internal Revenue Service ("IRS"). In addition, Plaintiff requests any documentation regarding the "illegal and unauthorized payment of the tax/levy lien on plaintiff's alleged federal taxes due." Local Rule 7.1 requires that a movant must ascertain whether his contemplated motion, or request under Federal Rules of Civil Procedure 6(b)(1) will be opposed. While Plaintiff indicates that he previously made this request to the IRS and was denied, Plaintiff has provided no evidence or documentation that he informed

the IRS of his intention to bring the present motion and attempted to obtain concurrence. Because the IRS is named as a defendant, relevant documents in Defendant's possession can be obtained under Fed. R. Civ. P. 34. It is unclear why a subpoena is needed, and a subpoena under Rule 34(c) may require a tender of reasonable copying costs. In fact, given the early stage of this litigation, there has been no appearance of counsel made for Defendant and no answer has been filed. Accordingly, Plaintiff's request for a subpoena is **DENIED**. It is anticipated that counsel for Defendant will file an appearance following service of the complaint in accordance with Fed. R. Civ. P. 4. In the event Plaintiff is unable to obtain production under Rule 34 or obtain cooperation in his requests following consultations with defense counsel, Plaintiff may file a subsequent motion to compel, which complies with the Local Rules and Federal Rules of Civil Procedure.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

Date: March 13, 2008  s/Steven D. Pepe
Ann Arbor, Michigan  United States Magistrate Judge

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Order* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 13, 2008.

s/ A. Greer
Case Manager to Magistrate
Judge Steven D. Pepe
(734) 741-2298
