UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EDWARD SCHMIDT,

        Plaintiff,                      Case No. 08-10236

vs.                                          DISTRICT JUDGE NANCY G. EDMUNDS
                                            MAGISTRATE JUDGE STEVEN D. PEPE

INTERNAL REVENUE SERVICE &
UNITED STATES OF AMERICA

        Defendant.
=============================/

**REPORT AND RECOMMENDATION THAT PLAINTIFF'S COMPLAINT
BE DISMISSED WITHOUT PREJUDICE**

On June 16, 2008, Plaintiff filed what purports to be a federal civil complaint naming the above Defendants and asserting that the "Internal Revenue Service used funds from Plaintiff's father's trust/estate to pay an illegal tax levy against Plaintiff" (Dkt. #1, p. 2).[1] He indicates that his civil rights have been violated under the Americans with Disabilities Act of 1990, Title I, II and III (Dkt. #1, p. 1). Plaintiff states further:

> Plaintiff feels that because Plaintiff is disabled that the Internal Revenue Service has discriminated against Plaintiff by stopping the progress that Plaintiff was making while working with the Internal Revenue Service Advocates to resolve this issue. Proper returns were being reworked to account for unlisted exemptions and deductions by the Tax Advocates to lower the tax liability of Plaintiff, as Plaintiff is vision impaired the original returns were incorrect and Plaintiff requested the aid of the Tax Advocates months prior to the levy for assistance.

---

[1] All pre-trial matters were referred under 28 U.S.C. § 636(b) on February 27, 2008 (Dkt. #10).

> It is illegal to remove funds from an trust/estate of one individual to pay taxes on another individual. The Karl James Schmidt Trust/Estate did not owe taxes on Plaintiff and therefore the complete levy should be immediately given back to the Trust/Estate of Karl James Schmidt, plus interest and costs incurred since January 8, 2005.
>
> Plaintiff is seeking $220,000.00 plus interest and costs occurred since January 8, 2005 from the Internal Revenue Service for the funds removed illegally from the Karl James Schmidt Estate. Without a doubt the Karl James Schmidt Trust/Estate is fully entitled to the entire amount of $220,000.00 plus interest and costs occurred to be resubmitted back into the Karl James Schmidt Trust/Estate.

(Dkt. #1, pp. 2-3).

In *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Sixth Circuit held that district courts must screen complaints from indigent non-prisoners. Moreover, "the screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The moment the complaint is filed, it is subject to review under § 1915(e)(2). The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed." *Id*. at 608-609.[2]

Under § 1915(e)(2), notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or

---

[2] The language of § 1915(e)(2) is mandatory in its use of "shall dismiss" unlike the language of its predecessor version in superceded § 1914(d). Section 1915(e)(2) is essentially identical to the early *sua sponte* dismissal provisions of § 1915A(b) in the Prisoner Litigation Reform Act except that § 1915A applies only to prisoners and does not contain the provision concerning the allegation of poverty. Yet, complaints by non-prisoners are subject to the screening process required § 1915(e)(2) even if the non-prisoner is not seeking waiver of prepayment of fees. *McGore*, 114 F.3d at 604. The language of § 1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners.

(iii) seeks monetary relief against a defendant who is immune from such relief.

Dismissal of the Plaintiff's complaint under § 1915(e)(2) is warranted in this case. On October 22, 2008, this Court issued an Order granting Defendant United States of America's motion for more definite statement (Dkt. #30). The Order specifically directed Plaintiff James Edward Schmidt to file and serve an amended complaint specifying the type(s) of tax and the taxable period(s) for which Plaintiff seeks a refund of taxes paid, as well as whether, and if so, when Mr. Schmidt filed a claim for refund with the Internal Revenue Service ("IRS"). Plaintiff was also required to indicate whether such claim has been denied by the IRS. This amended complaint was required to be filed on or before November 7, 2008. Plaintiff had previously indicated that he is legally blind, and requests that correspondence from this Court be formatted in 20 point font or larger. Accordingly, a copy of this Order was sent to Plaintiff in 20 point font. Plaintiff failed to file an amended complaint on or before November 7, 2008.

On December 10, 2008, this Court issued an "Order To Show Case Why This Case Should Not Be Dismissed" (Dkt. #33). That Order indicated that Plaintiff was required to comply with this Court's October 22, 2008, Order on or before Monday, December 29, 2008, by filing an amended complaint which clearly demonstrates a cause of action in accordance with the requirements indicated in this Court's October 22, 2008, Order and noted in the body of the December 10, 2008, Order. Plaintiff was specifically warned that failure to comply with this Court's October 22, 2008, Order or the December 10, 2008, Order will result in the undersigned preparing a Report and Recommendation that this case be dismissed. As of this date, Plaintiff has not responded to this Court's December 10, 2008, Order to Show Cause.

Under the liberal federal pleading standard, Plaintiff must only give Defendants fair

notice of his claims and the grounds upon which they rest. *Id.* Yet courts "are not bound by allegations that are clearly unsupported and unsupportable." *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971). "It is not enough for a complaint under §1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986); *see also, Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (stating that while the standard for dismissals under Rule 12(b)(6) is liberal, and *pro se* claimants are given special consideration under *Haines v. Kerner*, 404 U.S. 519 (1972), a complaint nonetheless must contain either direct or inferential allegations regarding all the material elements, which must be more than bare assertions of legal conclusions); *Spadafore v. Gardner*, 330 F.3d 849 (6th Cir. 2003) (stating that the complaint must contain more than a bare averment that the Plaintiff "wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a right of action." (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1216, at 163 (2d ed.1990)); *Russell v. Tennessee Dept. of Correction*, No. 03-6217, 2004 WL 834741 (6th Cir. April 16, 2004) ("The court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions.") (unpublished, citations omitted). *See Ana Leon T. v. Federal Reserve Bank*, 823 F.3d 928, 930 (6th Cir. 1987)(Plaintiff has made only conclusory allegations. Such allegations cannot support an equal protection claim).

   Here, Plaintiff has failed to state a sufficient claim in his complaint. In two separate Orders, this Court has ordered Plaintiff to provide further allegations and facts that might support a cause of action. Yet, Plaintiff has failed to comply with this Court's orders, or provide

additional support for his complaint.  Accordingly, **IT IS RECOMMENDED** that Plaintiff's complaint be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for his failure to state a claim upon which relief may be granted.[3]

It has also come to this Court's attention that in connection with this litigation Plaintiff has served subpoenas on a number of parties.  One such party, Attorney David E. Prine, has filed an objection to the subpoena and requested that this Court enter a protective order vacating the January 24, 2008, subpoena he received from Plaintiff (Dkt. #36).  Accordingly, **IT IS FURTHER RECOMMENDED** that all subpoenas that have been issued in this case be quashed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local, 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

---

[3] While Plaintiff now indicates that he can no longer read any size print at all, Plaintiff previously indicated that correspondence from this Court be formatted in 20 point font or larger. Accordingly, a copy of this Order is being sent to Plaintiff in 20 point font.

5

opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/Steven D. Pepe
                                                United States Magistrate Judge

Dated:  January 12, 2009
Ann Arbor

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 12, 2009.

                                                s/V. Sims
                                                Case Manager